UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES N. WYNOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 08-61-P-S |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS (Docket No. 21),
MOTION FOR ENTRY OF DEFAULT (Docket No. 18),
AND MOTION TO EXTEND TIME TO FILE AN ANSWER (Docket No.**

Charles Wynott filed a 42 U.S.C. § 1983 action against Correctional Medical Services (CMS) on February 22, 2008. Wynott charges the defendant with an Eighth Amendment violation alleging that it was deliberately indifferent to his serious medical condition when failing to properly administer his HIV medications during his incarceration at the Cumberland County Jail and that it discriminated against him in violation of the American's with Disabilities Act (ADA).  Pending is a motion to dismiss filed by the defendants (Doc. No. 21), a motion for entry of default filed by Wynott (Doc. No. 18), and a motion to extend time to file an answer filed by CMS (Doc. No. 16).

In its reply to Wynott's response to the motion to dismiss Correctional Medical Services withdraws it motion to dismiss as it pertains to Wynott's Eighth Amendment claim, realizing that in the context of this suit that claim cannot be adjudicated at this early stage.  With regards to Wynott's ADA claim, I recommend that the Court grant CMS's motion.  I deny the motion for entry of default judgment.  The motion to extend time to file an answer is moot.

*Discussion*

**Motion to Dismiss**

In its reply memorandum Correction Medical Services has withdrawn its motion to dismiss as it relates to Wynott's Eighth Amendment claim in recognition that, particularly in light of his a pro se status, Wynott has satisfied the pleading standard for such a claim. CMS still presses its argument for dismissal apropos the ADA claim, arguing that – as a private contractor – it is not a "public entity," and, therefore, is not subject to suit under Title II of the ADA.[1] This is a legal determination that is not tied to the factual allegations of Wynott's complaint and is not, as it relates to CMS's liability, impacted by the motion to amend the complaint.

This is not the first time that I have encountered this issue in a case brought by an incarcerated plaintiff against a contractor providing medical services to inmates. In Hamlin v. Prison Health Services, Inc., a case in which CMS was also a defendant, I hedged: "I decline to enter what is for me the difficult legal terrain respecting whether private entities in a position such as PHS or CMS contracted to perform the 'services, programs, or activities of a public entity' can escape liability under Title II of the ADA, a question which has not been definitively answered by the Supreme Court." Civ. No. 03-169-B-W, 2004 WL 2980749, 9 -10 (D. Me. Dec.

---

[1] In his memorandum responding to the motion to dismiss Wynott does not dispute that his ADA claim is brought pursuant to Title II; indeed, he focuses solely on his deliberate indifference claim. (See Resp. Mot. Dismiss at 1- 4, Docket No. 24.) In this memorandum he does make clear that he is seeking to amend his complaint to include a request for damages (id. at 4) and he also makes this objective clear in his motion for leave to amend the complaint ( Mot. Amend at 1, Docket No. 31). This effort seems to be directed at preserving a claim for damages under Title II, signaling that he does not wish to pursue a Title III claim for injunctive relief. This motion to amend the complaint is still pending; the response is due May 2, 2008. Currently the operative pleading, with the defendant's acquiescence, is Docket No. 11, to which the defendant has filed its answer. (Doc. No. 20). I am not sure that the pending motion to amend has any relevance in light of this recommended decision, but if Wynott is trying to substitute his new proposed amended complaint for the pleading at Docket No. 11 he should clarify in his reply to whatever response is filed vis-à-vis that motion to amend exactly how the proposed amended complaint would relate to his Eighth Amendment claim, the sole surviving claim if this recommended decision is adopted.

22, 2004).  I took a similar approach in Wall v. Dion, Civ. No. 02-189-P-C,  2004 WL 1541237, *11 (D. Me. Jan 30, 2004).

However, while Hamlin and Wall had advanced to summary judgment, this case is still in its early stages and CMS has a right to press the court on its legal argument.  Although there is still no guidance on this question from the First Circuit or the United States Supreme Court, CMS cites to two cases on point that have concluded that private contractors such as CMS are not public entities and, thus, not subject to Title II claims under the ADA.  See Hahn v. Linn County, 191 F.Supp.2d 1051, 1054 -55 (N.D. Iowa 2002); Scaggs v. New York Dept. of Educ. No. 06-cv-0799 (JFB (WP), 2007 WL 1456221, 16 7 n.14 (E.D.N.Y. May 16, 2007). I found one more district court that so concluded.  See Scherer v. Pa. Dept. of Corr., Civ. No. 3:2004-191, 2007 W L 4111412, 28 -29  (W.D. Pa. Nov. 16, 2007).  Without having located (or been directed to) any precedents to the contrary, I conclude that CMS is entitled to judgment on Wynott's ADA Title II claim.

### Motion for Default and Motion for Leave to File a Late Answer

I deny Wynott's motion for entry of default that was predicated on the defendant's "missed deadline by defendant Correctional Medical Service for answer to complaint."  (Mot. Entry Default at 1, Docket No 18).  Wynott's initial effort to obtain default against CMS, filed on March 19, 2008, was unsigned and the subject of an order by this court striking the pleading indicating that this deficiency must be rectified. (See Docket Nos. 14 & 15.)  One day prior, on March 17, 2008, as counsel for CMS explains, Wynott filed an amended complaint.[2]  Counsel for CMS learned that his client had been served with a summons and the initial complaint on

---

[2]    In this amended complaint which is currently the operative complaint in this action, Wynott added "*Cumberland County Jail., et al.*" – his italics – in the defendant section of  the header.  There is no allegation of the amended complaint that elucidates this change, no such defendant has been added to the docket of this case, and no service has been made on any defendant other than CMS.

3

March 21, 2008. He filed the motion of enlargement of time to file an answer the same day, which is also the date that the pending signed motion for entry of default was filed. Counsel filed an answer to the amended complaint on March 27, 2008, the same day that CMS filed the motion to dismiss. Since that date, Wynott has filed two more amended complaints, one of which is accompanied by a motion to amend, now pending.

This is a case that clearly does not warrant entry of default against CMS. See McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996). CMS is diligently trying to move this matter forward and Wynott, himself, is responsible for delays associated with his efforts to amend his claims.

I deny the motion for entry of default. The motion for enlargement of time to file an answer is moot.

### *Conclusion*

For these reasons, I recommend that this court grant the motion to dismiss (Docket No. 21) as to Wynott's claim under Title II of the ADA; the defendant no longer presses the motion to dismiss regarding Wynott's Eighth Amendment claim. I deny the motion for entry of default (Docket No. 18); the motion to extend of time to file an answer (Docket No. 16) is moot.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 15, 2008                                     /s/Margaret J. Kravchuk
                                                   U.S. Magistrate Judge