UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES N. WYNOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-61-P-S |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Charles Wynott is proceeding with this action on a second amended complaint[1] in which he lists "Correctional Medical Services, Inc., *et al.*" and the Cumberland County Jail as defendants. Wynott's is a straightforward complaint in which he identifies two counts. Count I alleges the Correctional Medical Services (CMS) was deliberately indifferent to his serious medical needs when it refused to administer his HIV medication. Count II alleges that CMS discriminated against him in contravention of the Americans with Disabilities Act when it refused his medication because of his HIV status. Nowhere in the body of his amended complaint does Wynott allege anything about Cumberland County Jail's action or inaction.

Cumberland County Jail has filed a motion to dismiss the complaint (Doc. No. 45) arguing it is entitled to dismissal because Wynott does not make a single allegation with regards to Cumberland County Jail. In an earlier recommended decision I addressed, among other pending motions, CMS's motion to dismiss. Therein, I noted that Wynott had filed an amended complaint that included Cumberland County Jail as a defendant in the header for the first time but did not contain any allegations elucidating this change. (April 15, 2008, Recommend Dec. at

---

[1] (Doc. No. 42.)

3 n.2, Doc. No. 32.)  What is more, this Court granted Wynott leave to file this second amended complaint but only in part, making it crystal clear that Count II of the amended complaint could not be pressed against CMS because of the court's earlier determination dismissing Wynott's ADA claim against CMS.  (May 14, 2008, Order at 1-2, Doc. No. 41.)  Therefore, Wynott was clearly on notice that this second amended complaint was deficient in stating a claim against Cumberland County Jail as to both counts and it was therefore evident that the only possibility for Count II to have any future was for him to respond to the motion to dismiss and convince the court that it stated a claim against Cumberland County Jail.  Wynott has failed to respond at all to the motion to dismiss and, thus, he has failed to demonstrate the viability of either count vis-à-vis the Cumberland County Jail.

      The District of Maine's Local Rule 7(b) provides: "Unless within twenty (20) days after the filing of a motion, the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."  I am cognizant of the fact that Wynott is proceeding pro se but I also note that his action is relatively straightforward with regards to the facts and the legal claims; he has demonstrated his ability to join issue with the defendants, he has filed motions for service, to amend and for default; he has responded to CMS's motion to dismiss well before the time for doing so expired; and he has filed a motion for reconsideration of and a timely objection to my earlier recommendation.  Given the history and complexions of this suit – and stressing that Wynott was on notice of the vulnerabilities of his second amended complaint as it pertains to Cumberland County Jail -- it does not offend equity to grant the unopposed motion to dismiss.  See ITI Holdings, Inc. v. Odom,  468 F.3d 17, 19 (1st Cir. 2006); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002).

*Conclusion*

I recommend that the Court grant Cumberland County Jail's unopposed motion to dismiss both counts of Wynott's complaint against it. This disposition would leave only Wynott's Eighth Amendment deliberate indifference claim against CMS for further litigation.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 24, 2008