**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| CHARLES WYNOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTIONAL MEDICAL )<br>SERVICES, INC., et al., )<br>)<br>)<br>Defendants. | Docket no. 08-cv-61-P-S |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Correctional Medical Services, Inc.'s ("CMS") Motion for Summary Judgment (Docket # 55). Plaintiff has filed no response or objection to the Motion. For the reasons explained below, the Court GRANTS Defendant's Motion for Summary Judgment.

In the context of summary judgment, a plaintiff's failure to object does not mean that a defendant's motion may be automatically granted. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002).

> Rather, the [C]ourt must determine whether summary judgment is 'appropriate,' which means that it must assure itself that the moving party's submission shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'

Id. (quoting Fed. R. Civ. P. 56(c)).

In this case, the Court has reviewed the record and is satisfied that summary judgment is appropriate. The only remaining claim against CMS is a claim under 42 U.S.C. § 1983 claiming that CMS acted with deliberate indifference to Wynott's medication needs when he was housed

at the Cumberland County Jail in early 2008.  However, as explained in the motion for summary judgment and the supporting factual submissions, Plaintiff has not offered any proof that would allow him to meet his burden of proof on his deliberate indifference claim or otherwise create a genuine issue of material fact regarding his allegations.  See <u>Celeotex Corp. v. Catret</u>, 477 U.S. 317, 322 (1986).  Absent such evidence, Defendant CMS is entitled to summary judgment in this case.

      SO ORDERED.

                /s/ George Z. Singal
                United States District Judge

Dated this 2nd day of April, 2009.